Del Bondio vs. New Orleans Mutual Insurance Association.

## No. 5920.

F. DEL BONDIO (ADÈLE DEL BONDIO, TUTRIX,) VS. NEW ORLEANS MUTUAL
INSURANCE ASSOCIATION ET AL.

In the body of the appeal bond the names of the four sureties being written, and all
of them having signed the instrument, the non-appearance of the name of one
of said sureties in the conditional clause of the bond was evidently a mere cleri-
cal error and is a matter of no moment.

After having gained an advantage by judicially alleging and maintaining that a cer-
tain contract was valid in a suit previously decided, this defendant will not be
listened to when setting up the nullity of the same contract in this controversy.
It would be inequitable to do so.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.*
*Kennard, Howe & Prentiss, Buck & Dinkelspiel,* and *George H.*
*Braughn,* for plaintiff and appellee. *Randolph, Singleton & Browne,* for
defendant and appellant.

### ON MOTION TO DISMISS.

TALIAFERRO, J. The ground taken to sustain that motion is that the
bond is insufficient for a suspensive appeal, and that the amount not
having been fixed by the judge *a quo* it can not avail as a devolutive ap-
peal. The judgment was for six thousand dollars. The bond is for ten
thousand dollars, with four sureties, each bound for twenty-five hundred
dollars. But it is contended that in the clause of the bond expressing
its condition the name of one of the sureties does not appear, and that
three of them only are bound, and that the amount of the obligation is
seventy-five hundred dollars—less than one-half over and above the
amount of the judgment. This objection is wholly without weight. In
the body of the bond the names of the four sureties are written, and all
four of them sign the instrument. The non-appearance of the name of
one of the sureties in the conditional clause of the bond was evidently
a mere clerical error and a matter of no moment.

It is ordered that the motion be overruled.

---

### ON THE MERITS.

LUDELING, C. J., In May, 1874, F. Del Bondio sued the New Orleans
Mutual Insurance Association and Fairbanks & Gilman for the sum of
six thousand dollars, rent due and to become due for certain buildings
situated in the city of New Orleans. He prayed for judgment against
the two defendants in the alternative. The movable property on the
premises was provisionally seized.

The New Orleans Mutual Association in its answer admitted that it
was the lessee, but it declared that the contract by which the lease had
been made had been declared null by the district court in a suit between

D. J. & D. Edwards vs. Fairbanks & Gilman, C. Cavaroc & Son, and the New Orleans Mutual Insurance Association, from which judgment the New Orleans Mutual Insurance Association, as intervenor, had appealed to this court, and the trial of the case appears to have been continued several times to await the decision of this court on the appeal. This court reversed the judgment of the lower court and decreed the New Orleans Mutual Insurance Association was the owner of all the property mentioned in the said act. This included the lease. In that case this court said: " By the same act Fairbanks & Gilman transferred to the insurance company their lease of the property."

. After this decree had been rendered, the defendant, the New Orleans Mutual Insurance Association, filed an amended answer, in which it alleged that the said contract was null and void, because *ultra vires*. After having gained an advantage by judicially alleging and maintaining that the contract was valid in the suit decided, this defendant will not be listened to when setting up the nullity of the same contract. It would be inequitable to do so.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.

Rehearing refused.

. Justice Howell was recused.